IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE L. GRAY,<br>    Plaintiff | )<br>)<br>) |
| v. | )    C.A. 08-8 Erie<br>)<br>)    Magistrate Judge Baxter |
| RONALD RUSTIN,<br>    Defendant. | )<br>) |

**OPINION AND ORDER**[1]

Chief Magistrate Judge Susan Paradise Baxter.

## I. INTRODUCTION

### A. Relevant Procedural History

On or about January 8, 2008, Plaintiff Andre L. Gray, an individual formerly incarcerated at the Allegheny County Jail ("ACJ"), filed this civil rights action pursuant to 42 U.S.C. § 1983.[2] Named as Defendant is Ronald Rustin, the Warden at ACJ. In his Complaint, Plaintiff alleges that Defendant violated his rights under the eighth and fourteenth amendments to the United States Constitution by allegedly keeping him imprisoned at ACJ for more than eight months beyond the end of his sentence. (Complaint, ECF No. 3, at Section IV.C). In particular, Plaintiff alleges the following, set forth verbatim, in pertinent part:

> My sentence was suppose [sic] to end on December 7, 2006, after following the policy of the Alleghery County prison. I filed a prisoner Grievance on December 10, 2006 requesting that I be release [sic] from Mr. Rustin [sic] Custody which at that time Mr. Rustin had all legal document [sic] from the court's [sic] concerning my release date, which was suppose [sic] to be December 7, 2006. [A]s the Warden of Allegheny County Prison he did not follow the Order that was handed down by the Courts, Judge Allen Order [sic] me release [sic]. Mr. Rustin did not release me from his custody until August 27, 2007, which

---

[1] Both parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 5 and 19].

[2] Plaintiff is currently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, serving a five to ten year sentence for sexual assault.

> by Law this was out of Cruel and Unusual Punishment for Mr. Rustin to hold me in his Prison for no reason at all.

(Id.). As relief for his claims, Plaintiff seeks monetary damages.

On May 20, 2008, Defendant filed a motion to dismiss [ECF No. 11] asserting that Plaintiff's complaint failed to state a claim upon which relief may be granted and should be dismissed as frivolous. By Opinion and Order dated December 16, 2008 [ECF No. 33], this Court denied Defendant's motion to dismiss; however, after granting Defendant's motion for reconsideration [ECF No. 35], this Court issued an Order dated March 6, 2009, dismissing Plaintiff's Fourteenth Amendment claim and allowing Plaintiff's Eighth Amendment claim to proceed. [ECF No. 44].[3]

The parties have since completed discovery. On September 29, 2009, Defendant filed a Motion for Summary Judgment seeking the entry of judgment in his favor as a matter of law. [ECF No. 77]. On November 27, 2009, Plaintiff filed a brief in response to Defendant's motion. [ECF No. 87]. This matter is now ripe for consideration.

### B. Relevant Factual History

On September 30, 2004, Plaintiff was arrested and charged in Allegheny County, Pennsylvania, with terroristic threats and simple assault. (ECF No. 20, Exhibit D at p. 4). On June 7, 2005, Plaintiff entered a plea of nolo contendere to the charges and was sentenced by Allegheny County Common Pleas Judge Cheryl Lynn Allen ("Judge Allen") to serve 18 months probation, effective immediately. (Id.).

On November 16, 2005, while serving his probation sentence, Plaintiff was arrested and charged in Allegheny County with sexual assault, burglary, and rape by forcible compulsion (hereinafter referred to as "new charges"). As a result of the new charges, Plaintiff was detained

---

[3] In doing so, the Court agreed with Defendant's contention that Plaintiff's more generalized Fourteenth Amendment due process claim should be dismissed because it was essentially identical to his claim under the Eighth Amendment, which provides more explicit constitutional protection against the conduct being challenged by Plaintiff.

at ACJ. (ECF No. 77, Exhibit A). After having his trial on the new charges postponed numerous times, Plaintiff was ultimately found guilty of sexual assault on August 14, 2007, and was sentenced to serve five to ten years imprisonment, which he began serving at SCI-Forest on or about August 27, 2007. (ECF No. 77, Exhibit B).

Pending at the time of his arrest on the new charges were two probation violation detainers, a criminal contempt detainer from Allegheny County, Pennsylvania, and a contempt detainer from Washington County, Pennsylvania. The first probation violation detainer stemmed from a criminal sentence of 10 years probation that was entered by Allegheny County Judge Donna Jo McDaniel ("Judge McDaniel") on April 10, 1996. (ECF No. 77, Exhibit C). This detainer was lifted on May 17, 2006. (Id.). The second probation violation detainer was issued by Judge Allen and apparently stemmed from Plaintiff's then pending 18 month probation sentence. (ECF No. 77, Exhibit E). The Allegheny County contempt detainer was issued by the Family Division of the Allegheny County Court of Common Pleas on or about November 16, 2005. (ECF No. 77, Exhibit D). The Washington County contempt detainer was issued by the Domestic Relations Section of the Washington County Court of Common Pleas on February 8, 2006. (ECF No. 77, Exhibit F). Due to the presence of these various detainers, Plaintiff was held at ACJ until August 27, 2007, when he was authorized to be released to the custody of the Pennsylvania Department of Corrections to begin serving his 5-10 year sentence on the new charges.

### C. Standards of Review
#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

3

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the

4

dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

**2.** ***Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**D.** **Discussion**

"Subjecting a prisoner to detention beyond the termination of his sentence has been held to violate the eighth amendment's proscription against cruel and [un]usual punishment." Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993); see also Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir.1989)("there can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment"). In Sample, the Third Circuit held that,

> to establish § 1983 liability for incarceration without penological justification, a plaintiff must demonstrate three elements. **First, a plaintiff must demonstrate that a prison official had knowledge of**

> **the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must show a causal connection between the official's response to the problem and the unjustified detention.**

Sample, 885 F.2d at 1110 (emphasis added).

Here, for purposes of his summary judgment motion, Defendant has essentially conceded prongs one and three of the foregoing Sample test, and has focused his attention on prong two, contending that "Plaintiff fails to demonstrate that Defendant Rustin exhibited 'deliberate indifference' to Plaintiff's plight." (Defendant's Brief, ECF No. 78, at p. 5). At the motion to dismiss stage, this Court determined that there was "a genuine issue of material fact as to whether Defendant 'either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight.' Sample, 885 F.2d at 1110." (Opinion and Order, ECF No. 33, at pp. 8-9).[4] At that time, this Court found that "the only thing clear from the record [was] that Plaintiff was not released from Allegheny County Jail until August 26, 2007, approximately five months after Defendant, through [Ruth] Howze, began receiving documents from Plaintiff in support of his claim that all detainers and/or holds against him had been released and that he was being held unlawfully." (Id. at p. 8).

Defendant has now submitted a Declaration from Ruth Howse, ACJ's Administrator of Re-Integration and Alternative Housing, which sheds considerably more light on the actions that were taken in response to Plaintiff's claim. [ECF No. 77-8]. In her Declaration, Ms. Howse explains that, as part of her duties and responsibilities, she assists the Warden "in resolving administrative issues, one of which is responding to inmate request forms." (ECF No. 77-8 at ¶ 3). She declares that she "became aware of an inmate request form sent from [Plaintiff] to

---

[4] Because both parties had submitted numerous exhibits in support of their positions at the motion to dismiss stage, this Court treated the motion as one for summary judgment under Rule 56, in accordance with Fed.R.Civ.P. Rule 12(b).

[Defendant] on or about December 10, 2006," in which Plaintiff asserted "that he should have been released [from ACJ] on December 7, 2006 because a prior detainer had been lifted." (Id. at ¶¶ 4-5). She then states that, "in accordance with her duties and responsibilities, [she] initiated an investigation into [Plaintiff's] file; ... personally met with [Plaintiff] to obtain his side of the story; ... [and] searched for any holds that may apply to [Plaintiff] as well as any judicial orders authorizing [his] release." (Id. at ¶¶ 8, 9, 10). She continues that "[u]pon searching [Plaintiff's] file [she] found numerous holds on [Plaintiff]," and "did not find a judicial order authorizing release of [Plaintiff]." (Id. at ¶¶ 12, 13). "After affirming [her] findings and as part of [her] duties and responsibilities, [Ms. Howse] communicated [her] findings to [Plaintiff] and [Defendant]," and she "personally met with [Plaintiff] to explain [her] findings." (Id. at ¶¶ 14, 15). Ms. Howse then concludes that "[w]ithout a judicial order authorizing release of [Plaintiff] and upon finding numerous holds against [Plaintiff], it was clear Allegheny County Jail could not release [Plaintiff]." (Id. at ¶ 16).

The foregoing Declaration makes clear that, although Plaintiff's inmate request was directed to Defendant, Ms. Howse was the prison official directly responsible for responding to inmate request forms and investigating prisoner files. In Sample, the court observed that,

> [a]mong the circumstances relevant to a determination of whether the requisite attitude (deliberate indifference) was present are the scope of the official's duties and the role he or she played in the everyday life of the prison. Obviously, not every official who is aware of a problem exhibits indifference by failing to resolve it. **A warden, for example, although he may have ultimate responsibility for seeing that prisoners are released when their sentences are served, does not exhibit deliberate indifference by failing to address a sentence calculation problem brought to his attention when there are procedures in place calling for others to pursue the matter.**

Sample, 885 F.2d at 1110.

Here, it is apparent that Defendant followed the appropriate procedure by referring Plaintiff's inmate request to Ms. Howse for investigation and response. Ms. Howse's Declaration confirms that she did, in fact, conduct an investigation and reported her findings to both Plaintiff and Defendant. These findings disclosed that Plaintiff had numerous holds against him and no judicial order authorizing his release. Based on these findings, the decision

7

was made to detain Plaintiff at ACJ until the sentencing order was received authorizing Plaintiff's release to state custody on or about August 27, 2007. There is nothing on this record indicating that Defendant was deliberately indifferent to Plaintiff's plight.

Moreover, the record fails to support Plaintiff's claim that his continued detention at ACJ was unjustified. To address this point, Defendant has submitted the Affidavit of Gregory Grogan, ACJ's Deputy Warden, who declares that Judge Allen's probation violation detainer, and the two contempt detainers from Allegheny County and Washington County, respectively, remained outstanding at the time Plaintiff was released to state custody. (See Grogan Affidavit, ECF No. 77-9, at p. 3). Thus, contrary to this Court's previous understanding, these detainers were not lifted just prior to Plaintiff's release from ACJ but, instead, continued in force and followed Plaintiff to his state confinement at SCI-Forest. (Id.). Accordingly, Plaintiff's claim that Defendant kept him imprisoned at ACJ "for no reason at all" is without merit.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE L. GRAY,<br>    Plaintiff<br><br>    v.<br><br>RONALD RUSTIN,<br>    Defendant. | C.A. 08-8 Erie<br><br>Magistrate Judge Baxter |

## ORDER

AND NOW, this 10th day of September, 2010,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment [Document # 77] is GRANTED, and judgment shall be entered in favor of Defendant. The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge